IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-247-FL-1
NO. 5:10-CV-227-FL

| | | |
|---|---|---|
| LARRY LAVONNE BERRY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

Movant Larry Lavonne Berry filed a post-judgment motion (DE # 119) captioned "petitioner's motion for permission to proceed without prepayment of fees and affidavit," which this court construes as a motion requesting a copy of the transcript from his sentencing hearing at the court's expense. Also before the court is a motion (DE # 124) requesting a status report on his motion for a transcript at the court's expense.

The circumstances under which the court may provide an indigent criminal defendant a copy of his transcript at the court's expense are addressed by 28 U.S.C. § 753(f). Specifically, § 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); see also United States v. MacCollum, 426 U.S. 317, 326 (1976). An indigent defendant must make a showing of a particularized need to obtain a free transcript. See, e.g., United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002) (per curiam) (unpublished). An indigent defendant may not obtain

a free transcript "merely to comb the record in the hope of discovering some flaw. <u>United States v. Glass</u>, 317 F.2d 200, 202 (4th Cir. 1963).

In this case, movant states that he requests that the court grant his motion for a free transcript "so that he may pursue any legal options that may be available to him." Petitioner's motion for a free transcript does not state any particularized need for the requested transcript. Nor does the court find, upon a review of petitioner's motion, that the requested document is needed to review petitioner's motion pursuant to 28 U.S.C. § 2255. Based upon the foregoing, petitioner does not meet the requirements for a free transcript under § 753(f), and his transcript request (DE # 119) is DENIED.

The Clerk of Court is DIRECTED to notify movant of the steps required to obtain a transcript at his own expense. Because the court has ruled upon movant's motion for a free transcript, his motion for a status report (DE # 124) on this motion is DENIED as moot. To the extent movant seeks to proceed with his motion pursuant to § 2255 without prepayment of fees, his motion DENIED as moot because there is no filing fee for an action pursuant to § 2255.

SO ORDERED, this the 4 day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

2