IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-247-FL-1
NO. 5:10-CV-227-FL

| | | |
|---|---|---|
| LARRY LAVONNE BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 (DE # 120) of petitioner Larry Lavonne Berry. The government timely

responded. In this posture, the issues raised are ripe for adjudication. For the reasons that follow,

the court grants in part and dismisses in part petitioner's motion, and directs the clerk of court to

reenter judgment under the same terms as the original judgment.

**STATEMENT OF CASE**

On November 6, 2008, petitioner pleaded guilty to: (1) armed bank robbery and aiding and

abetting in violation of 18 U.S.C. §§ 2, 2113(a) and (d); (2) use and carry a firearm during a crime

of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A); (3) interference

with commerce by robbery and aiding and abetting in violation of 18 U.S.C. § 1951; and (4) being

a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner was

sentenced to a term of three hundred two (302) months imprisonment. Petitioner did not appeal his

sentence or conviction.

On June 1, 2010, petitioner filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that: (1) he received ineffective assistance of counsel because his counsel failed to argue the fact that "the [g]overnment split a concurrent sentence with one docket;" (2) he received ineffective assistance of counsel because his counsel failed to inform him he would be subject to an enhancement for his possession of a firearm; (3) he received ineffective assistance of counsel because his counsel failed to argue against his consecutive sentences due to his 18 U.S.C. § 942(c)(1)(A) plea; and (4) his prior convictions could not be used to enhance his sentence. On June 29, 2010, petitioner filed an affidavit stating that he instructed his counsel to file a notice of appeal on his behalf, and his counsel failed to follow his request.

On July 22, 2010, respondent responded in opposition to the § 2255 petition. The government asks the court to re-enter judgment on identical terms as the original judgment so that petitioner may timely file a direct appeal. The government also asks the court to dismiss the remainder of petitioner's claims as moot.

## DISCUSSION

Failure of counsel to file a notice of appeal as instructed is *per se* ineffective assistance of counsel, regardless of any appellate waiver in the plea agreement. See United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In such circumstances, the appropriate remedy is to vacate and then reenter the court's original judgment to permit the appeal period under Rule 4(b) of the Federal Rules of Appellate Procedure to run anew, thereby allowing petitioner to file a timely notice of appeal. See United States v. Glover, 363 F. App'x 989, 991 (4th Cir. 2010) (per curiam) (unpublished); United States v. Davis, 78 F. App'x 238,

239 (4thCir.2003) (per curiam) (unpublished). The remainder of the petitioner's claims should then be dismissed without prejudice to allow him to raise these matters on direct appeal. See Glover, 363 F. App'x at 991.

Although the government does not concede that petitioner's counsel was ineffective, it requests that the court allow petitioner the limited right to file an out of time notice of appeal, subject to and without waiver by respondent of the terms and conditions of the plea agreement entered into in this case. Based on this stipulation, the court assumes without deciding that petitioner's counsel failed to timely file a notice of appeal as directed by petitioner or failed to advise petitioner of the ability to appeal, and was therefore ineffective. The court will accordingly grant petitioner's motion in order to place petitioner in the same position he would have been in had counsel timely filed a notice of appeal. The court will dismiss without prejudice the remaining claims in petitioner's § 2255 motion so that he can bring these contentions on direct appeal or in a later motion pursuant to § 2255.

Trial counsel for petitioner has not yet withdrawn from this matter, and it appears from the docket that she continues to receive electronic service of all filings. Counsel is accordingly directed to confer with petitioner with respect to his desire to file an appeal, and to notice appeal of the reentered judgment if requested by petitioner. Counsel may then, if necessary, move to withdraw from representation on appeal.

## CONCLUSION

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE # 120) is GRANTED IN PART and DISMISSED IN PART. The motion is granted as to petitioner's allegation of ineffective assistance of counsel for failure to file

3

of appeal. The court assumes, without deciding, that petitioner's counsel failed to timely file a notice of appeal and was thereby ineffective. Thus, the court VACATES the judgment entered June 4, 2009. The Clerk of Court is DIRECTED to re-enter judgment containing the same terms and provisions as the original judgment, with a updated date of entry. In the meantime, petitioner shall remain in the custody of the Attorney General of the United States. The court dismisses without prejudice the other grounds for relief set forth in petitioner's motion.

Trial counsel for petitioner is directed to confer with petitioner to determine his desire to appeal. If directed, counsel shall duly notice an appeal. If necessary, counsel may then move to withdraw from this matter on appeal. Petitioner and counsel are advised that a notice of appeal must be filed within fourteen (14) days after judgment is re-entered. Fed. R. App. P. 4(b)(1)(A)(i). The appeal remains subject to and without respondent having waived any of the terms and provisions of petitioner's plea agreement.

SO ORDERED, this 23<sup>d</sup> day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4