# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:08-CR-00247-FL-1
No. 5:12-CV-00732-FL

| | |
|---|---|
| LARRY LAVONNE BERRY, | ) |
| | ) |
| Petitioner, | )     **ORDER AND** |
| | )     **MEMORANDUM AND** |
| v. | )     **RECOMMENDATION** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before this court on the government's motion to dismiss [DE-163] Petitioner Larry Lavonne Berry's ("Berry" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-157]. Petitioner responded to the government's motion [DE-166], the government filed a reply [DE-167], and Petitioner filed a sur-reply [DE-169], without leave of court. Additionally, Petitioner filed a motion to supplement his petition [DE-160], a motion to hold this proceeding in abeyance [DE-168], and a motion to proceed [DE-170], to which the government responded [DE-173], and Petitioner replied [DE-174]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here for disposition or as a recommendation to the District Court, as appropriate. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Fed. R. Crim. P. 59(a) & (b)(1). For the reasons stated below, Petitioner's motion to supplement is allowed, Petitioner's motion to hold the proceeding in abeyance and motion to proceed are denied as moot, and it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On November 6, 2008, Berry pled guilty pursuant to a plea agreement to four counts,

including armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113 (Count 1); use and carry a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (Count 2); interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (Count 5); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (Count 7). [DE-56, -58]. On April 7, 2009, Berry's counsel was permitted to withdraw based upon the court's finding that a conflict would arise if the Office of the Federal Public Defender continued to represent Berry [DE-84], and new counsel entered an appearance on April 13, 2009 [DE-86]. At the June 4, 2009 sentencing hearing, Berry's counsel withdrew previously filed objections to the Presentence Investigation Report ("PSR"), acknowledging that there was no question as to Berry's status as an armed career criminal and that, due to the associated statutory minimum, there was no need to pursue the objections. Sentencing Hr'g Tr. [DE-147] 5:15-6:2. The court then overruled all the objections to the extent any remained before the court, and sentenced Berry to a term of 218 months on Counts 1, 5, and 7 to be served concurrently and 84 months on Count 2 to be served consecutively, for a total term of 302 months. *Id.* 6:15-16; 12:7-13; [DE-101].

Berry did not file a direct appeal, but on June 1, 2010, filed a *pro se* motion to vacate, set aside or correct sentence pursuant to § 2255, alleging that (1) he received ineffective assistance of counsel because his counsel failed to argue the fact that "the [g]overnment split a concurrent sentence with one docket;" (2) he received ineffective assistance of counsel because his counsel failed to inform him he would be subject to an enhancement for his possession of a firearm; (3) he received ineffective assistance of counsel because his counsel failed to argue against his consecutive sentences due to his 18 U.S.C. § 942(c)(1)(A) plea; and (4) his prior convictions could not be used

2

to enhance his sentence. [DE-120]. On June 29, 2010, Berry filed an affidavit stating that he instructed his counsel to file a notice of appeal on his behalf, and his counsel failed to do so. [DE-123]. The government did not concede that Berry's counsel was ineffective, but requested that the court allow Berry the limited right to file an out of time notice of appeal, subject to and without the government waiving any of the terms and provisions of plea agreement, to be effectuated by the court's re-entry of a new judgment identical in all respects to the earlier one except for the date of entry. [DE-125]. Based on the government's position, the court assumed, without deciding, that Berry's counsel failed to timely file a notice of appeal as directed by petitioner or failed to advise petitioner of the ability to appeal and was, therefore, ineffective and allowed Berry's motion in order to place him in the same position he would have been in had counsel timely filed a notice of appeal. [DE-133]. Berry then filed a timely notice of appeal. [DE-136].

Berry's appellate counsel filed an *Anders* brief, conceding that the appellate waiver in Berry's plea agreement precluded his appeal as to his sentence, but suggesting that the district court erred in calculating Berry's guidelines ranges. *United States v. Berry*, 446 F. App'x 661, 662 (4th Cir. Sept. 21, 2011) (unpublished op.). Berry also filed a *pro se* supplemental brief, challenging the armed career criminal sentencing enhancement. *Id.* The Fourth Circuit dismissed the appeal as to Berry's sentence based on the appeal waiver in Berry's plea agreement, finding that Berry voluntarily and knowingly waived his right to appeal his sentence. *Id.* The Fourth Circuit also determined that Berry's sentence was within the Guidelines range calculated at sentencing and that he raised no claims that fell outside the scope of his appellate waiver. *Id.* Finally, the Fourth Circuit conducted a review of the record and found no unwaived and meritorious issues for appeal. *Id.* Berry did not file a petition for *certiorari*. On November 8, 2012, Berry timely filed the instant motion pursuant

3

to § 2255. [DE-157].

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

4

**B.    28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

**A.    Motion for Leave to Supplement [DE-160]**

Berry sought leave to amend his petition to include a claim that he was deprived of his Sixth Amendment right to counsel at sentencing based on his counsel's failure to object to a sentencing enhancement for possession or use of a firearm. [DE-160]. The government did not respond to

5

Perry's motion.

The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). A party may amend a pleading once as a matter of right prior to the filing of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend a pleading only by leave of court. *Id.* Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Berry filed his motion to supplement prior to the government's filing its response to Berry's § 2255 motion and is, thus, entitled to supplement his original motion as a matter of right. Accordingly, Berry's motion to supplement is allowed and his additional claim will be considered below.

## B. Motion to Hold Proceeding in Abeyance [DE-168] and Motion to Proceed [DE-170]

Berry sought to hold this proceeding in abeyance pending the Supreme Court's decision in *Descamps v. United States*, — U.S. — , 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). [DE-168]. Following the *Descamps* decision in June 2013, Berry filed a motion to proceed in favor of *Descamps*, arguing the *Descamps* decision controls the disposition of his claim that his attempted burglary conviction in New York cannot serve as a predicate offense to enhance his sentence as an armed career criminal. [DE-170]. The government responded that *Descamps* only added to the Court's existing precedent and, to the extent *Descamps* created a new constitutional rule, it is not retroactively applicable to Berry's case. [DE-173]. The *Descamps* case having now been decided, the motion to hold proceeding in abeyance and motion to proceed are denied as moot, and the applicability, or lack thereof, of *Decamps* will be considered below in addressing Berry's claims.

6

## C.     Motion to Dismiss § 2255 Petition

Berry seeks relief under § 2255, alleging that he received ineffective assistance of counsel. Pet'r's Mot. [DE-157] ¶ 12; Pet'r's Mot. to Supplement [DE-160] at 2. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *See Strickland*, 466 U.S. at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

Berry contends his counsel at sentencing rendered ineffective assistance in two ways:

1)      Failing to object to the armed career criminal enhancement; and

2)      Failing to object to a sentencing enhancement for possession or use of a firearm where defendant was convicted and sentenced for possession of said firearm in furtherance of a crime of violence under § 924(c).

Pet'r's Mem. [DE-157-1] at 6-12; Pet'r's Mot. to Supplement [DE-160] at 2-4.

At the outset, it is necessary to address the fact that this is Berry's second motion under §

7

2255. [DE-120, -157]. While there are significant procedural and substantive barriers to obtaining relief on a "second or successive" § 2255 motion,[1] a subsequent § 2255 motion is not considered "second or successive" if the prior motion was not adjudicated on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). The district court made clear in the order on Berry's first § 2255 motion that "[t]he court will dismiss without prejudice the remaining claims in petitioner's § 2255 motion so that he can bring these contentions on direct appeal or in a later motion pursuant to § 2255." [DE-133]. Accordingly, Berry's instant § 2255 is not "second or successive" and will be considered on the merits.

## 1. Armed Career Criminal Enhancement

Berry contends that his counsel was deficient in failing to object to his classification as an armed career criminal for two reasons: (1) no criminal history points were assigned for two of the offenses underlying the armed career criminal enhancement; (2) no documents were submitted to the court to show the factual basis for the attempted burglary charge underlying the armed career criminal enhancement; and (3) the underlying convictions supporting the armed career criminal enhancement were not attributable to Berry, but rather to someone else with the same name. Pet'r's Mem. [DE-157-1] at 6-12. The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),

---

[1] The federal habeas statute provides

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

8

provides that a person "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another" qualifies as an armed career criminal and "shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Berry was designated an armed career criminal based on three prior "violent felony"[2] convictions in New York for attempted burglary in 1981 and attempted robbery in 1986 and 1991. PSR [DE-25] ¶¶ 27, 29, 32, 34.

As a result of Berry's status as an armed career criminal, his criminal history category was increased from III to IV. PSR ¶ 34. Berry's offense level was not enhanced due to his armed career criminal status, because his combined adjusted offense level on the charges of armed bank robbery (Count 1) and interference with commerce by robbery (Count 5) was 36, which was greater than the offense level of 33 under the Sentencing Guidelines enhancement for armed career criminals. *Id.* ¶¶ 83-84. Thus, after receiving a three-level reduction for acceptance of responsibility, Berry's total offense level was 33 and, based on a criminal history category of IV, his sentencing range was 188-235 months. *Id.* ¶ 92. Absent Berry's status as an armed career criminal, his sentencing range would have been 168-210 months, based on a total offense level of 33 and a criminal history category of III.[3] U.S.S.G. Ch. 5, Pt. A (2008).

---

[2] A "violent felony" for purposes of the ACCA means "any crime punishable by imprisonment for a term exceeding one year . . . that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C § 924(e)(B)(i)-(ii).

[3] Berry asserts that application of the armed career criminal enhancement resulted in a base offense level of 34 and a criminal history category of VI, and that but for the enhancement his base offense level would have been 25 and his sentencing range 70-87 months. Pet'r's Mem. [DE-157-1] at 7. The basis for Berry's assertion that his base offense level would have been 25 absent the armed career criminal enhancement is unclear.

Berry first argues that because no criminal history points were attributed in the PSR to his prior convictions for attempted burglary in 1981 and attempted robbery in 1986, these convictions were not qualifying violent felonies under the ACCA. Pet'r's Mem. [DE-157-1] at 6-8. The PSR indicates that no criminal history points were attributed to these convictions pursuant to § 4A1.2(e)(3) of the Sentencing Guidelines, which provides that "[a]ny prior sentence not within the time periods specified above is not counted." U.S.S.G. § 4A1.2(e)(3). While the Sentencing Guidelines impose a temporal restriction on counting convictions for purposes of computing criminal history, as well as determining career offender status, U.S.S.G. §§ 4A1.2(e), 4B1.2 cmt. n.3, those restrictions do not apply for purposes of determining armed career criminal status, *id.* § 4B1.4 cmt. n.1. *See United States v. Presley,* 52 F.3d 64, 69 (4th Cir. 1995) ("There is no temporal restriction on prior felonies for the purposes of ACCA."); *Smith v. United States*, No. 5:03-CR-195-FL, 2007 WL 3112420, at *5 (E.D.N.C. Oct. 22, 2007) ("The ACCA, however, does not contain the same temporal restrictions on prior felonies as those found in § 4A1.2(e)(3).") (citing *Presley*, 52 F.3d at 69-70). The case cited by Berry in support of his argument, *Carter v. United States*, 731 F. Supp. 2d 262 (D. Conn. 2010), does not counsel a different result and is, in fact, consistent with the law of this circuit. 731 F. Supp. 2d at 272 ("[T]he time periods for counting prior convictions under guideline § 4A1.2 do not apply under § 924(e) of the ACCA.") (citing U.S.S.G. § 4B1.4 cmt. n.1). Accordingly, Berry's counsel was not deficient in failing to raise this meritless argument.

Berry next argues that his counsel was deficient in failing to object to the use of his 1982 attempted burglary conviction, as no documents were submitted to the court to show the factual basis for the attempted burglary charge underlying the armed career criminal enhancement. Pet'r's Mem. [DE-157-1] at 8-11. Berry argues in a supplemental filing that the Supreme Court's opinion in

10

*Descamps* controls the disposition of his claim that this issue. [DE-170].

This court has previously set forth the framework, in light of *Descamps*, for determining whether a prior conviction constitutes a predicate offense for application of a sentencing enhancement under the ACCA:

> The Supreme Court established the so-called "categorical approach" to determine whether a prior conviction constitutes a predicate offense for application of a sentencing enhancement under the Armed Career Criminal Act, § 924(e) ("ACCA"). *See Taylor v. United States*, 495 U.S. 575, 602 (1990). The categorical approach requires federal courts to compare the elements of a prior crime of conviction with a generic crime in an enhancement statute to determine if the enhancement is applicable. *Descamps*, 133 S. Ct. at 2281.
>
> If the elements in the prior crime of conviction are the same as or defined more narrowly than the generic crime, then the prior crime of conviction can serve as a predicate for the generic crime. *See id.* at 2283. However, if the prior crime of conviction is defined more broadly than the generic crime, then the prior crime of conviction cannot serve as a predicate, "even if the defendant actually committed the offense in its generic form." *Id.* The categorical approach proscribes inquiry into the facts underlying a conviction, and federal courts may "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602; *see also Descamps*, 133 S. Ct. at 2283.
>
> . . . .
>
> In *Taylor*, the Supreme Court "recognized 'a narrow range of cases' in which sentencing courts—applying what [the Supreme Court] would later'dub the 'modified categorical approach'—may look beyond the statutory elements to" other documents "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2283-84. Under the modified categorical approach, the court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).
>
> The Supreme Court recently confirmed "the modified categorical approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps*, 133 S. Ct. at 2283. A divisible statute "sets out one or more elements of the offense in the alternative—for

11

example, stating that burglary involves entry into a building or an automobile." *Id.* at 2281. "By 'elements,' the Court meant factual circumstances of the offense that the jury must find unanimously and beyond a reasonable doubt." *United States v. Royal,* 731 F.3d 333, 341 (4th Cir. 2013) (internal quotation marks omitted). Alternative methods of committing an offense do not constitute alternative elements to justify use of the modified categorical approach. *See Descamps,* 133 S. Ct. at 2285 n.2; *United States v. Hemingway,* 734 F.3d 323, 334 (4th Cir. 2013).

The Court further described the modified categorical approach as

> retain[ing] the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements [of the prior offense of conviction] with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates "several different . . . crimes." If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense.

*Descamps,* 133 S. Ct. at 2285 (citation omitted).

*United States v. Vinson,* No. 5:13-CR-121-FL, 2013 WL 6843013, at \*2-3 (E.D.N.C. Dec. 27, 2013).

The underlying conviction at issue here is one for attempted burglary in violation of New York law. Under New York law, "[a] person is guilty of burglary . . . when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y. Penal Law § 140.20.[4] A "building" is defined to include, "in addition to its ordinary meaning, . . . any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed

---

[4] Although the PSR does not indicate the degree of burglary for which Berry was convicted, the third degree burglary offense is utilized here, which is the lowest class of burglary under New York law. *See United States v. Harford,* 370 F. App'x 322, 324-25 (3d Cir. 2010) (finding irrelevant which degree of burglary was committed where the lowest class of burglary under New York law–third degree burglary–had been held to qualify as a crime of violence).

12

motor truck trailer." *Id.* § 140.00. The New York burglary statute is precisely of the kind for which the Court approved use of the modified categorical approach in *Descamps. See* 133 S. Ct. at 2281 (explaining that a divisible statute "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction."). The *Descamps* decision held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has *a single, indivisible* set of elements." 133 S. Ct. at 2276 (emphasis added). *See also United States v. Gambill,* — F. App'x —, 2014 WL 487087, at *1 (4th Cir. Feb. 7, 2014) ("[N]either *Alleyne* nor *Descamps* addressed the question . . . [of] whether the district court's application of the modified categorical approach violated *Shepard v. United States* by finding facts about a prior conviction that were not previously 'validat[ed] by [a] process comporting with the Sixth Amendment.'") (citations and footnote omitted) (unpublished op.). Accordingly, where the conviction at issue here has a divisible set of elements, *Descamps* did nothing to alter the applicable framework to determine whether Berry's conviction is an ACCA predicate.[5]

Berry's assertion that the court failed to consider any documentation in order to determine whether the attempted burglary conviction qualified as an ACCA predicate is contradicted by the

---

[5] Berry also contends that the court's determination as to whether the attempted burglary conviction qualified as an ACCA predicate violated the principles set for in *Alleyne v. United States,* — U.S. —, 133 S. Ct. 2151 (2013). [DE-170]. However, *Alleyne*–which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"–is of no assistance to Berry here. *Id.* at 2155-56. The Fourth Circuit has rejected Berry's argument that *Alleyne* prohibits application of the modified categorical approach in determining whether a conviction qualifies as an ACCA predicate. *See Gambill,* 2014 WL 487087, at *1.

13

record. Both the PSR and the sentencing transcript indicate that supporting documents were available to the court at the time of sentencing. Berry's counsel specifically objected to Berry's classification as an armed career criminal on the basis that "the records for the convictions are not available, so the charges cannot be verified." Addendum to PSR, Objections ¶ 7. In response, the Probation Officer stated: "As identified in paragraphs 27, 29, and 32, the defendant has three predicate offenses that classify Berry as an armed career offender. The probation office obtained certified copies of the Certificate of Disposition Indictment for each of the predicate offenses, and the documents will be available for the defendant's and the court's perusal at the time of sentencing." *Id.* At the sentencing hearing, Berry's counsel expressly referred to documents received and reviewed after the filing of the PSR objections, which indicated there was no basis to challenge Berry's armed career criminal status:

| THE COURT: | .... I certainly think there is no basis to protest his status as an armed career criminal. |
|---|---|
| MS. AGUIRRE: | And, your Honor, there had not been some records received at the time that that was filed. And, as a precaution, it was filed, your Honor, as soon as those records were received. Again, there is not an issue as to that. |

Sentencing Hr'g Tr. [DE-147] 5:20-6:2. Accordingly, it is plain from the record that both Berry's counsel and the Court had access to and utilized appropriate documents in determining that Berry's underlying conviction of attempted burglary qualified as an ACCA predicate.

Alternatively, the Second Circuit has held that attempted burglary under New York law constitutes a "violent felony" under the ACCA's residual clause, because it is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See United States v. Lynch*, 518 F.3d 164, 170 (2d Cir. 2008) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). *Cf. United*

14

*States v. Davis*, 689 F.3d 349, 358 (4th Cir. 2012) (holding that West Virginia attempted burglary statute–which is broader than generic burglary and similar to the New York statute at issue here–is a qualifying predicate under the ACCA's residual clause). The *Lynch* court rejected the petitioner's argument that "because New York's burglary statute is non-generic and because he never admitted to any facts in his plea that would support a finding that he attempted to commit generic burglary, the ACCA cannot apply," concluding instead that a non-generic burglary can qualify as a violent felony under the ACCA's residual clause. *Id.* at 170-71. *See also Descamps*, 133 S. Ct. at 2293 n.6 (noting the government had forfeited an alternative argument that California's burglary statute qualified as a predicate offense under the ACCA's residual clause, but expressing no view on the merits thereof). The *Lynch* court explained that under the ACCA's residual clause it need not address whether the "conviction was for an attempt to commit a generic burglary" or whether "the district court considered impermissible evidence in making that determination" in violation of *Shepard* and *Taylor*. *Id.* at 171, n.9. Accordingly, Berry's attempted burglary conviction is also a qualifying predicate under the ACCA's residual clause, and Berry's counsel was not deficient in withdrawing the objection to the PSR in this regard.

Berry finally argues that the underlying convictions supporting the armed career criminal enhancement were not attributable to him, but rather to someone else with the same name. Berry further asserts that he notified his counsel of this information and his counsel agreed to make an objection to the PSR on this point but failed to do so. Pet'r's Mem. [DE-157-1] at 11. The record belies Berry's assertion.

Berry's first appointed counsel filed numerous objections to the PSR, including an objection to the armed career criminal classification based on the fact that "records for the convictions are not

available, so the charges cannot be verified." Addendum to PSR, Objections ¶ 7. At the sentencing

hearing, Berry's second appointed counsel informed the court that she had met with and discussed

a number of matters with Berry, including his classification as an armed career criminal:

THE COURT:
. . . .
Ms. Aguirre, how would you suggest organizing these objections for hearing?

MS. AGUIRRE:
Your Honor, there's no need for a hearing on these objections. This is one of those unique situations where I was not able -- or was not involved with this case from the very beginning, and, after I came into it, the presentence report had already been prepared, along with objections.

Once I had met with Mr. Berry and discussed a number of matters with him and went through that, even if we were to prevail on these objections, his statutory minimum, because of being an armed career offender, is 180 months. The gun count has a statutory minimum of seven years. And so, these objections we do not need to go forward on.

THE COURT:
Okay. Well, thank you for your information here. I certainly think there is no basis to protest his status as an armed career criminal.

MS. AGUIRRE:
And, your Honor, there had not been some records received at the time that that was filed. And, as a precaution, it was filed, your Honor, as soon as those records were received. Again, there is not an issue as to that.

THE COURT:
All right. Well, that's very good. And case law supports valuing the jewelry as the probation officer did, which, obviously, you're aware of. There's the *Watson* case that stands for the proposition, among other things, that the value of jewelry taken should be based on the fair market value.

I'm familiar with, having presided over trials before involving robbery of jewelry stores, that there's sometimes a real difference between what it costs the jewelry store and what it's sold for.

16

MS. AGUIRRE:     And he understands that now. Again, we have gone through each of these and --

THE COURT:      Okay. All right. Well, I, to the extent they remain before me, overrule all of them.

Sentencing Hr'g Tr. [DE-147] 5:6-6:16. It is plain from this exchange with the court that Berry's counsel had, in fact, discussed with Berry his status as an armed career criminal and that Berry was not pursuing any objection thereto. *Id.* Moreover, when given an opportunity to address the court, Berry did not protest that his counsel had failed to raise an objection to the armed career criminal status based on the fact that the underlying convictions belonged to another–or for any other reason–and did not inform the court that he opposed withdrawal of his objections to the PSR:

THE COURT:      . . . .

                Does Mr. Berry want to say anything?

THE DEFENDANT:  Yes. I just -- I just would like to apologize to the victims in the case. And I just hope that they could find in the near future that they could forgive me. And I'm just thankful nobody got hurt. And I'm just sorry. I'm just sorry. I -- thank you.

THE COURT:      All right.

*Id.* 8:18-25.

The record contradicts Berry's assertion that his counsel failed to make Berry's requested objection to the PSR's use of the underlying convictions supporting the armed career criminal enhancement based on the fact that they were not attributable to Berry. Rather, the record indicates that Berry's counsel lodged objections to the PSR, specifically to Berry's classification as an armed career criminal, but withdrew the objections after further investigation and consultation with Berry. Accordingly, Berry has failed to demonstrate that his counsel's performance was deficient in this

17

regard.

Alternatively, to the extent Berry's ineffective assistance of counsel claims are no more than a veiled attempt at relitigating the district court's application of the armed career criminal enhancement, he waived the right to challenge his sentence in his plea agreement. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, *United States v. Poindexter*, 492 F.3d 263, 267-68 (4th Cir. 2007). Here, the Fourth Circuit reviewed the record on direct appeal, including Berry's *pro se* supplemental briefs contesting the district court's decision to sentence him as an armed career criminal, and dismissed the appeal as to Berry's sentence as barred by the appeal waiver in his plea agreement. *See Berry*, 446 F. App'x at 662. Therefore, any direct claim that the district court erred in applying the armed career criminal enhancement is foreclosed.

## 2. Sentencing Enhancement for Possession of a Firearm

Berry contends that his counsel was deficient in failing to object to a six-level sentencing enhancement, pursuant to § 2B3.1(b)(2)(B) of the Sentencing Guidelines, on Count 5 (Interference With Commerce by Robbery and Aiding and Abetting) for use of a firearm. Pet'r's Mot. to Supplement at 2-3. Berry argues that because he was also convicted and sentenced under § 924(c) for possession of the same firearm in furtherance of a crime of violence (Count 2), impermissible double counting occurred when the court applied an enhancement for use of that firearm with respect to Count 5. *Id.*

"Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *United States v. Reevey*, 364 F.3d 151, 158 (4th

18

Cir. 2004) (citing *United States v. Rohwedder*, 243 F.3d 423, 426-27 (8th Cir. 2001)). "Double counting is generally authorized unless the Guidelines expressly prohibit it." *Id.* (citing *United States v. Crawford*, 18 F.3d 1173, 1179 (4th Cir. 1994)).

As authority for his position, Berry cites § 2K2.4(b), application note 4, of the Sentencing Guidelines, which provides as follows: "If a sentence under this guideline [related to § 924(c) offenses] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4(b), cmt. n.4 (2008). Here, Berry's sentence under § 924(c) on Count 2 was imposed in conjunction with his conduct on March 6, 2008, the armed robbery of the Lumbee Guaranty Bank (Count 1), but the enhancement for use of a firearm was applied to the April 2, 2008 armed robbery of a jewelry store (Count 5). [DE-3]. The Sentencing Guidelines specifically state that the enhancement may apply in certain circumstances, such as here, where the § 924(c) charge is not imposed in conjunction with the underlying offense to which the sentencing enhancement applies. *See* U.S.S.G. § 2K2.4(b), cmt. n.4 (2008) ("[I]f a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C.§ 924(c) conviction."); *United States v. Jackson*, 541 F. App'x 119, 120 (2d Cir. Nov. 13, 2013) (finding no error in applying enhancement for use or possession of a firearm to conspiracy to commit murder count where § 924(c) counts arose from different murders); *United States v. Conner*, 306 F. App'x 978, 983 (6th Cir. Jan. 16, 2009) (finding sentence complied with this Sentencing Guideline § 2K2.4 rule against double counting because the brandishing enhancement was applied only to the robbery charged in

19

Count One and the § 924(c) conviction related only to the robbery charged in Count Two); *Young v. United States*, Civ. No. L-10-2281, Crim. No. L-07-0229, 2011 WL 2746275, at \*3 (D. Md. July 11, 2011) (finding no error in application of firearms sentencing enhancement where defendant pled guilty to § 924(c) charge related to January robbery, but enhancement was applied to a separate robbery occurring in October). There being no error in applying the use of a firearm enhancement on Count 5, Berry's counsel was not ineffective in failing to object to the enhancement. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at \*11 (E.D.N.C. Mar. 14, 2008) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted). Accordingly, Berry's claim of ineffective assistance based on counsel's failure to object to the firearms enhancement at sentencing fails.

## IV. CONCLUSION

Based on the foregoing,

(1)     Petitioner's motion to supplement [DE-160] is ALLOWED;

(2)     Petitioner's motion to hold the proceeding in abeyance [DE-168] and motion to proceed [DE-170] are DENIED AS MOOT; and

(3)     It is RECOMMENDED that the government's motion to dismiss [DE-163] be ALLOWED and Petitioner's § 2255 petition [DE-157] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to,

20

and accepted by, the District Court.

SO ORDERED AND SUBMITTED, this the 18th day of March 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

21