IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-247-FL-1
NO. 5:12-CV-732-FL

| | | |
|---|---|---|
| LARRY LAVONNE BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("motion to vacate") (DE 157), and respondent's motion to dismiss the same (DE 163). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") (DE 175) wherein it is recommended that the court grant respondent's motion to dismiss. Petitioner timely filed an objection to the M&R and the issues raised are ripe for ruling.[1] For the reasons that follow, the court adopts the recommendation contained in the M&R and grants respondent's motion to dismiss, dismisses with prejudice petitioner's motion to vacate, and denies petitioner's motion.

**BACKGROUND**

On November 6, 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to: (1) armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113 and 2 ("count

---

[1] By order entered July 31, 2014, the court granted a motion to supplement (DE 177) filed by petitioner, and considers the same as supplementing his objections to the M&R.

one"); (2) use and carry of a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 ("count two"); (3) interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 ("count five"); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count seven"). Petitioner was sentenced to 218 months imprisonment on counts one, five, and seven, and eighty-four (84) months, consecutive, on count two, for a total sentence of 302 months. Petitioner did not appeal, but filed on June 1, 2010, a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On June 29, 2010, petitioner filed an affidavit asserting that he instructed his trial counsel to file a notice of appeal, and counsel did not do so. In its response, while not conceding that petitioner's counsel was ineffective, the government requested the court allow petitioner the limited right to file an out of time notice of appeal (DE 125). Based on this stipulation, the court entered order (DE 133) in which it assumed, without deciding, that petitioner's counsel failed to timely file a notice of appeal as directed by petitioner or failed to advise petitioner of the ability to appeal and was therefore ineffective. The court dismissed the remaining claims in petitioner's motion without prejudice. Petitioner appealed, and the Fourth Circuit dismissed in part and affirmed in part. See United States v. Berry, 446 F. App'x 661 (4th Cir. 2011).

Petitioner then timely filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of trial counsel where counsel did not object to his armed career criminal enhancement. Petitioner subsequently filed a motion to amend his petition (DE 160) seeking to add a claim that trial counsel was ineffective for failing to object to a sentencing enhancement for possession or use of a firearm where petitioner was convicted for possession of that

2

firearm under 18 U.S.C. § 924(c). The government responded to the instant motion to vacate with a motion to dismiss the same. (DE 163). The motion to amend was granted in order entered concurrently with the instant M&R (DE 175), which recommended that petitioner's motion to vacate be denied and respondent's motion to dismiss be granted. Petitioner timely filed objections to the M&R, and, with leave of the court, a supplement to those objections (DE 176, 177).

**DISCUSSION**

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a

3

section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); see Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Petitioner's objections to the M&R, as filed, are somewhat disorganized. A review of the documents filed shows that, in essence, petitioner's objections are threefold. First, petitioner asserts that his trial counsel was ineffective for failing to object to the application of a sentencing enhancement imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), where his 1982 attempted burglary conviction was not a proper predicate offense for this ACCA enhancement. Second, petitioner contends trial counsel was ineffective for failing to object to the ACCA enhancement based upon an asserted lack of documentation for his 1986 conviction for attempted robbery. Finally, Petitioner objects to any police reports having been used to establish whether his convictions constitute predicate convictions under the ACCA.

4

Where these objections revolve around petitioner's trial counsel's alleged ineffectiveness for failure to object to the application of a the ACCA enhancement, a brief discussion of the ACCA and of the law regarding ineffective assistance of counsel is useful here. The ACCA states, in relevant part, that

> a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1). The law defines a "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is *burglary*, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

In order to determine if a prior conviction is a predicate offense for application of the ACCA enhancement, courts generally are to apply the so-called "categorical approach." The categorical approach requires federal courts to compare the elements of a prior crime of conviction with a generic crime in an enhancement statute to determine if the enhancement is applicable. Descamps v. United States, --- U.S. ----, 133 S.Ct. 2276, 2281 (2013). If the elements in the prior crime of conviction are the same as or defined more narrowly than the generic crime, then the prior crime of conviction can serve as a predicate for the generic crime. See id. at 2283. However, if the prior crime of conviction is defined more broadly than the generic crime, then the prior crime of conviction cannot serve as a predicate, "even if the defendant actually committed the offense in its generic form." Id. The categorical approach proscribes inquiry into the facts underlying a

5

conviction, and federal courts may "look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990); see also Descamps, 133 S.Ct. at 2283.

In certain situations, however, a statute, "sets out one or more elements of the offense in the alternative — for example, stating that burglary involves entry into a building *or* an automobile." Descamps, 133 S.Ct. at 2281. Such statutes are termed "divisible statutes." Id. If "one alternative . . . matches an element in the generic office, but the other . . . does not," the sentencing court may use what is known as the "modified categorical approach" and "look beyond the statutory elements to" other documents "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction."[2] Id. at 2281, 2283-84. In employing the modified categorical approach, courts are generally limited to "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

A successful claim for ineffective assistance of counsel requires a petitioner to satisfy a two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), by showing that "(1) counsel's performance was deficient, and (2) there is a reasonable probability that the deficiency prejudiced the defense." Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013); see also Strickland, 466 U.S. at 687-88, 694. The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "To eliminate the distortions of hindsight, a court must evaluate counsel's performance from counsel's perspective at the time."

---

[2] Elements are "factual circumstances of the offense that the jury must find unanimously and beyond a reasonable doubt." United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013) (internal quotations omitted). Alternative methods of committing an offense do not constitute alternative elements to justify use of the modified categorical approach. See Descamps, 133 S.Ct. at 2285 n.2; United States v. Hemingway, 734 F.3d 323, 334 (4th Cir. 2013).

6

Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The second prong of the Strickland test requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

With these principles or law in mind, the court turns to petitioner's objections.

1.  Attempted Burglary Conviction

Petitioner first asserts that his June 15, 1982, conviction for attempted burglary in New Yrok cannot be used to support an ACCA enhancement where his presentence investigation report ("PSR") does not indicate the degree of burglary in the underlying charge, and third degree burglary in New York is defined more broadly than the generic crime of burglary.

Because the PSR does not indicate the degree of burglary at issue, for purposes of the instant analysis, the court presumes it was third degree burglary, the lowest class of burglary under New York law. To be convicted of third degree burglary under New York law, a defendant must "knowingly enter[] or remain[] unlawfully in a building with intent to commit a crime therein." N.Y. Penal Law § 140.20. "[I]n addition to its ordinary meaning," for purposes of criminal trespass and burglary in New York, the term "building" includes "any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer." N.Y. Penal Law § 140.00.

Here, as discussed in the M&R, the record reveals that the court used the modified categorical approach to confirm that petitioner's 1982 conviction for burglary was a proper ACCA

7

predicate offense. See Addendum to PSR, Objections ¶ 7 ("The probation office obtained certified copies of the Certificate of Disposition Indictment for each of the predicate offenses, and the documents will be available for the defendant's and the court's perusal at the time of sentencing."); Tr. Sentencing Hr'g 5:6-6:2 (discussing records used to determine whether petitioner's offenses were properly predicate offenses under the ACCA).

Petitioner, in his supplement to his objections, contends that use of the modified categorical approach was not proper because N.Y. Penal Law § 140.20 is not divisible. Petitioner bases his assertion of indivisibility on the fact that the alternative definitions of "building" are contained within N.Y. Penal Law § 140.00 rather than in the text of N.Y. Penal Law § 140.20 itself. Thus, petitioner asserts these alternatives cannot be alternative elements of N.Y. Penal Law § 140.20. This argument is without merit.

N.Y. Penal Law § 140.00 provides that all definitions contained therein are applicable to the statutes in that article. Thus, where N.Y. Penal Law § 140.20 states that "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein," it incorporates N.Y. Penal Law § 140.00's definition of "building." Therefore, N.Y. Penal Law § 140.20 is properly understood to provide that one who "knowingly enters or remains unlawfully in a building" – where building "in addition to its ordinary meaning, includes any structure, vehicle, or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein" – and does so "with intent to commit a crime therein," commits burglary in the third degree. N.Y. Penal Law §§ 140.00, 140.20.

Such a statute is strikingly similar to the two Massachusetts statutes at issue in Shepard. Both of those statutes deal, in relevant part, with one who "breaks and enters a building, ship, vessel

8

or vehicle, with intent to commit a felony." Mass. Gen. Laws ch. 266, §§ 16, 18. These statutes were considered divisible. See Descamps 133 S. Ct. at 2284 (2013) (discussing the "divisible nature of the Massachusetts burglary" statues at issue in Shepherd). The New York statute at issue here is similarly divisible; therefore, use of the modified categorical approach was proper.

Moreover, as set forth in the M&R, courts have held that a conviction for attempted third degree burglary under New York law qualifies as a violent felony because it "'involves conduct that presents a serious potential risk of physical injury to another.'" See United States v. Lynch, 518 F.3d 164, 170 (2d Cir. 2008) (quoting 18 U.S.C. § 924(e)(2)(B)). Thus, even were the court unable to properly determine that petitioner's offense constituted generic burglary, it was nevertheless a violent felony under the ACCA. See 18 U.S.C. § 924(e)(2)(B) (noting that a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another" is a violent felony). Accordingly, petitioner's counsel was not ineffective for failing to object to application of the ACCA enhancement on the ground that petitioner's attempted burglary conviction was not a proper predicate offense, and petitioner's first objection is overruled.

2. 1986 Attempted Robbery Conviction

Petitioner's second objection is that his counsel was ineffective in failing to object to the ACCA enhancement because no documentation exists for his 1986 attempted robbery conviction. In support, petitioner attaches to his objection two affidavits of an Official Court Reporter employed in the Office of the Principal Court Reporter, Kings County Supreme Court, stating that no transcripts for proceedings held on January 6, 1987, or December 16, 1986, could be found.

While petitioner has demonstrated that transcripts for proceedings on two specific days could

9

or vehicle, with intent to commit a felony." Mass. Gen. Laws ch. 266, §§ 16, 18. These statutes were considered divisible. See Descamps 133 S. Ct. at 2284 (2013) (discussing the "divisible nature of the Massachusetts burglary" statues at issue in Shepherd). The New York statute at issue here is similarly divisible; therefore, use of the modified categorical approach was proper.

Moreover, as set forth in the M&R, courts have held that a conviction for attempted third degree burglary under New York law qualifies as a violent felony because it "'involves conduct that presents a serious potential risk of physical injury to another.'" See United States v. Lynch, 518 F.3d 164, 170 (2d Cir. 2008) (quoting 18 U.S.C. § 924(e)(2)(B)). Thus, even were the court unable to properly determine that petitioner's offense constituted generic burglary, it was nevertheless a violent felony under the ACCA. See 18 U.S.C. § 924(e)(2)(B) (noting that a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another" is a violent felony). Accordingly, petitioner's counsel was not ineffective for failing to object to application of the ACCA enhancement on the ground that petitioner's attempted burglary conviction was not a proper predicate offense, and petitioner's first objection is overruled.

2. 1986 Attempted Robbery Conviction

Petitioner's second objection is that his counsel was ineffective in failing to object to the ACCA enhancement because no documentation exists for his 1986 attempted robbery conviction. In support, petitioner attaches to his objection two affidavits of an Official Court Reporter employed in the Office of the Principal Court Reporter, Kings County Supreme Court, stating that no transcripts for proceedings held on January 6, 1987, or December 16, 1986, could be found.

While petitioner has demonstrated that transcripts for proceedings on two specific days could

not be found,[3] the record demonstrates that the court and petitioner obtained and reviewed documentation verifying all of petitioner's predicate offenses by the time of petitioner's sentencing. See Addendum to PSR, Objections ¶ 7 (stating that certified copies of records verifying petitioner's predicate offenses would be made available at sentencing); Tr. Sentencing Hr'g 5:6-6:2. Indeed petitioner, prior to sentencing, lodged an objection to his ACCA enhancement on the basis that "the records for the [ACCA predicate] convictions are not available, so the charges cannot be verified." Addendum to PSR, Objections ¶ 7. At sentencing, however, Petitioner's counsel specifically noted this objection was being withdrawn where "there had not been some records received at the time where [the objection] was filed" that had been made available. Thus, where records were made available verifying petitioner's 1986 conviction, petitioner's second objection is overruled.[4]

   4.   Use of Police Reports

Petitioner finally states that "the use of police reports are inadmissible once Plaintiff [sic] objects." It is true that the Supreme Court has held that courts may not rely upon police reports in determining if a prior conviction was one for generic burglary. See Shepard, 544 U.S. at 16. However, petitioner points to no such reports having been used in this case. Accordingly, petitioner's final objection is overruled.

---

[3] It is unclear why petitioner requested transcripts for the specific dates he that he did. Where he mentions the transcripts of his sentencing and plea colloquy in his objections, see Petitioner's Objections at 4, it may be these are the dates on which petitioner pleaded guilty to attempted burglary, and was sentenced therefor.

[4] Petitioner includes as a separate "objection" a portion of the sentencing transcript in which his counsel notes that she had not been a part of this case until after objections to petitioner's PSR had been lodged by his previous counsel, and that after meeting with petitioner and discussing a number of matters with him, they determined that objections lodged did not need to be pursued. See Tr. Sentencing Hr'g 5:6-19. Petitioner asserts that this portion of the sentencing proceedings demonstrates his attorney's ineffectiveness and that no facts substantiate that the ACCA enhancement was properly applied to him. As discussed above, the court properly determined that based upon petitioner's previous convictions, the ACCA enhancement was properly applied. The portion of the sentencing hearing raised by petitioner in no way demonstrates counsel's ineffectiveness. To the extent petitioner intends this to be a separate objection to the M&R, the objection is overruled.

C.   Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further.  Accordingly, a certificate of appealability is denied.

**CONCLUSION**

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objection. The court thus ADOPTS the recommendation of M&R (DE 173). The court GRANTS respondent's motion to dismiss (DE 163), and DISMISSES WITH PREJUDICE petitioner's motion to vacate (DE 157). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge