IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-247-FL-1
No. 5:12-CV-732-FL-1

| | | |
|---|---|---|
| LARRY LAVONNE BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 (DE 157, 201), wherein he asserts a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). The government has responded to petitioner's motion to vacate, conceding that petitioner is no longer an Armed Career Criminal in light of Johnson, but suggesting the court should apply the same sentence as before. Petitioner replied, suggesting resentencing is warranted. For the following reasons, the court grants the motion and sets the matter for resentencing.

## COURT'S DISCUSSION

Petitioner pleaded guilty and was convicted, among other counts, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("count seven"). Based on petitioner's prior convictions for attempted burglary and attempted robbery, the court sentenced petitioner pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to a total term of imprisonment of 218 months.

Petitioner's prior conviction for attempted burglary no longer is a "violent felony" in light of Johnson, as the government concedes. Accordingly, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA. See 18 U.S.C. § 924(e). Although petitioner's armed career criminal status did not affect petitioner's total offense level, which remains 33, (see Presentence Report at 15, ¶ 84), it did increase petitioner's criminal history category from III to IV (see id. at 9, ¶ 34). Both parties agree that this difference in criminal history category reduces petitioner's advisory guideline range from 188-235 months to 168-210 months.

The government suggests that the court may chose to correct petitioner's term of imprisonment on count seven in a manner that produces the same total term of imprisonment of 218 months. The government, however, does not present any reason for proceeding in this manner based upon the sentencing factors in 18 U.S.C. § 3553. With the ACCA enhancement, the court previously sentenced petitioner to a total term of imprisonment of 218 months, near the upper-middle of his guidelines range. A new sentence at 218 months would amount to an upward variance beyond the top of the new guidelines range.

By contrast, a new comparable sentence near the upper-middle of his petitioner's guideline range would yield a sentence about 195 months. The parties may present arguments at resentencing regarding the correct amended sentence amount, in light of the new guidelines range and the factors in 18 U.S.C. § 3553. The parties and the court also will benefit from an updated sentencing recommendation memorandum by the probation office. Accordingly, the court rejects the government's suggestion to have the court correct petitioner's sentence without conducting a full resentencing.

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate. (DE 157, 201). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 30th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge