IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-247-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| LARRY LAVONNE BERRY, | ) | |
| | ) | |
| Defendant | ) | |

This matter is before the court on defendant's motion to modify payment schedule (DE 251). The government opposes the motion. In this posture, the issues raised are ripe for decision.

**BACKGROUND**

On November 6, 2008, defendant pleaded guilty to one count of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a), (d), and 2; one count of using and carrying a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2; one count of Hobbs Act robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2; and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1). On June 4, 2009, the court sentenced defendant to total term of 302 months' imprisonment and five years' supervised released. The court also ordered payment of $400.00 special assessment and restitution in the amount of $333,572.73.

After sentencing, defendant filed numerous appeals and habeas motions challenging his

conviction and sentence.[1]  The court vacated its judgment twice as a result of defendant's motions and appeals.  The operative amended judgment, entered January 3, 2017, ordered defendant to pay the same restitution amount set forth above on the following schedule:

> Payment of restitution shall be due and payable in full immediately.  However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program.  The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison.  At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

(DE 230 at 8).

Defendant filed the instant motion on March 25, 2019, seeking modification of his Inmate Financial Responsibility Program ("IFRP") payment schedule.  Defendant argues the current payment schedule requiring collection of 50% of his monthly employment earnings toward restitution does not permit him to save money for eventual release from imprisonment.  Defendant seeks an order directing the Federal Bureau of Prisons ("BOP") to collect IFRP payments on a quarterly schedule.

## DISCUSSION

"A sentence that imposes an order of restitution is a final judgment" which may not be modified absent application of an enumerated statutory exception.  18 U.S.C. § 3664(o); United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013).  Under § 3664(o), one such exception is that a sentence that imposes an order of restitution "can subsequently be . . . adjusted under section 3664(k)."  Section 3664(k) provides as follows:

---

[1] Defendant's most recent motion to vacate remains pending.  (DE 243).  That motion, however, does not seek modification of the payment schedule for defendant's restitution.  (Id.).

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

Although the Fourth Circuit has not addressed application of § 3664(k) in the context of challenges to payment schedules set by the IFRP, other courts have determined that § 3664(k) does not provide the court with authority to modify such payments. In particular, in a case directly on point, the Fifth Circuit reasoned:

> [Defendant's] quest to suspend his payments must . . . be brought under [28 U.S.C.] § 2241. Were he challenging a court-ordered repayment schedule (such as the $100 a month he must pay during supervised release), suit could be brought under § 3664(k). Likewise, were he paying part of the restitution on his own schedule because of the court's requirement that repayment be immediate, he could seek relief under § 3664(k). Here, however, he is . . . disputing payments under the IFRP, requesting that payments be suspended under that program; such a matter must be brought under § 2241. He voluntarily signed a contract under the IFRP, and any effort to change the terms of that contract must be made through § 2241 after all administrative remedies have been exhausted. . . . <u>Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend [IFRP] payments</u>.

United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009) (emphasis added). Consistent with Diggs, the Fourth Circuit has held that "an inmate's challenge to the BOP's administration of the IFRP relates to the 'execution' of a sentence and is properly brought under § 2241." Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015).

Diggs and Fontanez require that defendant pursue his challenge to his IFRP payment schedule by filing a § 2241 petition in his district of confinement after exhausting his administrative

3

remedies. The court's judgment directs payments through the IFRP in lieu of paying restitution immediately. The court did not specify an IFRP "payment schedule" in the judgment, and the court therefore lacks authority to amend the criminal judgment to order any such payment schedule. See § 3664(k) (providing the court may only modify a "payment schedule" previously-imposed in the operative criminal judgment upon changed circumstances); Diggs, 578 F.3d at 319-320 (voluntary participation in IFRP is not a payment schedule set by the court that can be modified pursuant to § 3664(k)).[2]

Defendant, in effect, seeks to have the court order BOP to execute his sentence differently, by modifying payments made through the IFRP. As set forth above, such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. See Fontanez, 807 F.3d at 87; Diggs, 578 F.3d at 319-320.

A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445. Defendant does not dispute that he failed to exhaust administrative remedies before filing the instant motion and he has not asserted any cause and prejudice for his failure to exhaust administrative remedies. Accordingly, before filing a § 2241 petition, defendant must complete BOP's four-step administrative remedy procedure. See 28 C.F.R. §§ 542.12-.15

---

[2]In the alternative, the court finds defendant has not shown a material change in his financial circumstances sufficient to modify his restitution order pursuant to § 3664(k). See United States v. Caudle, 710 F. App'x 124, 125 (4th Cir. 2018) (affirming denial of § 3664(k) motion where defendant did not meet "his burden of demonstrating that his current financial condition is materially different than when the court originally imposed the restitution order").

In the event defendant cannot obtain modification of his payment schedule through BOP's administrative remedy program, he may file § 2241 petition challenging that decision "in the district in which [he] is currently confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion t to modify payment schedule (DE 251) without prejudice to filing a § 2241 petition in his district of confinement, after exhaustion of administrative remedies.

SO ORDERED, this the 22nd day of May, 2019.

LOUISE W. FLANAGAN
United States District Judge