IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-247-FL-1
No. 5:18-CV-268-FL

| | |
|---|---|
| LARRY LAVONNE BERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 243), respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 246), and petitioner's motion to amend his motion to vacate (DE 259). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 256), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely objected. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, petitioner's motion to vacate is denied, respondent's motion to dismiss is granted, and petitioner's motion to amend is granted. The court denies petitioner a certificate of appealability.

**BACKGROUND**

On November 6, 2008, petitioner pleaded guilty pursuant to a written plea agreement to counts one, two, five, and seven of a seven count indictment. (Transcript of Arraignment ("Arr. Tr.") (DE 149) 18:20–20:18; Plea Agreement (DE 58) at 3–6). Count one charged armed robbery of a bank, assaulting bank employees and others with dangerous weapons, and aiding and abetting in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. Count two charged carrying firearms during the armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(l)(A), and 2. Count five charged "Hobbs Act robbery" of a jewelry store and aiding and abetting in violation of 18 U.S.C. §§ 1951, 2. Count seven charged possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(l).

On June 4, 2009, petitioner appeared before the district court, represented by counsel, for sentencing. The court sentenced petitioner to a term of imprisonment of 218 months on counts one, five, and seven, to be served concurrently, and a term of 84 months on count two, to be served consecutively, producing a total term of 302 months.

On June 1, 2010, petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to § 2255, alleging ineffective assistance of counsel for failing to argue against his status as an armed career criminal. The court ordered the judgment be vacated and reentered on identical terms, assuming without deciding that petitioner received ineffective assistance of counsel because his attorney failed to file a notice of appeal or advise him of his ability to appeal. Berry v. U.S., No. 5:08-CR-247-FL-1, 2011 WL 761478, at *2 (E.D.N.C. Feb. 24, 2011). On appeal, the United States Court of Appeals for the Fourth Circuit upheld the amended judgment because petitioner's

plea agreement contained an appellate waiver. United States v. Berry, 446 F. App'x 661, 662 (4th Cir. 2011) (per curiam).

On November 8, 2012, petitioner filed a second motion to vacate, set aside, or correct his sentence pursuant to § 2255. He argued that he received ineffective assistance of counsel because his attorney did not object to his classification as an armed career criminal. Respondent moved to dismiss. The district court granted respondent's motion to dismiss and denied petitioner's second § 2255 motion. Berry v. United States, No. 5:08-CR-247-FL-1, 2014 WL 11369607, at *6 (E.D.N.C. Aug. 21, 2014). On appeal, the Fourth Circuit denied a certificate of appealability and dismissed petitioner's claims. United States v. Berry, 598 F. App'x 205, 205 (4th Cir. 2015) (per curiam). However, the United States Supreme Court granted certiorari, vacated the judgment of the Fourth Circuit, and remanded petitioner's case for further consideration in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Berry v. United States, 136 S. Ct. 417 (2015) (mem.). On remand, this court granted petitioner's motion to vacate, set aside, or correct his sentence under § 2255, finding that petitioner lacked the requisite predicate felony convictions to qualify as an armed career criminal. (Order (DE 218) at 2 (citing 18 U.S.C. § 924(e)).

On January 3, 2017, petitioner appeared before the district court, represented by counsel, for resentencing. (Transcript of Re-Sentencing ("Sent. Tr.") (DE 236) at 1). The court sentenced petitioner to a term of imprisonment of 198 months on counts one and five; 120 months on count seven, to be served concurrently; and a term of sixty months on count two, to be served consecutively, producing a total term of 258 months. On October 4, 2017, the Fourth Circuit affirmed the amended judgment of the district court. United States v. Berry, 698 F. App'x 136,

138 (4th Cir. 2017) (per curiam). The Supreme Court denied certiorari on February 21, 2018. Berry v. United States, 138 S. Ct. 1019 (2018) (mem.).

On June 11, 2018, petitioner, proceeding pro se, filed his third and instant motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner's motion raises four grounds for relief: 1) he received ineffective assistance of counsel at resentencing, 2) respondent failed to disclose impeachment evidence, 3) he received an illegal sentence, and 4) he received ineffective assistance of counsel in his 2017 appeal. On July 16, 2018, respondent filed its motion to dismiss. In response to the motion to dismiss, petitioner additionally contends that his guilty plea should be vacated as unknowing. The M&R rejects each ground for relief asserted by petitioner.

In addition to objecting to the M&R, petitioner filed the instant motion to amend or supplement his § 2255 motion. Petitioner argues that his conviction for use or possession of a firearm in furtherance of a crime of violence is void for vagueness. He also argues that he did not know that he was prohibited from possessing a firearm due to his conviction as a felon.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

1.  Withdrawal of Plea

Petitioner argues that he should be allowed to withdraw his guilty plea because it was not knowingly and voluntarily made.

"[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Under Federal Rule of Criminal Procedure 11(d)(2)(B), a criminal defendant must "show a fair and just reason for requesting the withdrawal." To determine whether petitioner has met this burden, the United States Court of Appeals for the Fourth Circuit set forth the following six factors:

1) whether the defendant has offered credible evidence that his plea was not

5

> knowing or not voluntary, 2) whether the defendant has credibly asserted his legal innocence, 3) whether there has been a delay between the entering of the plea and the filing of the motion, 4) whether defendant has had close assistance of competent counsel, 5) whether withdrawal will cause prejudice to the government, and 6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. "The consideration of these factors is not a rigidly mechanistic test, for the conspicuous fuzziness of the operative terms–fair and just–precludes such an endeavor. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009). Nevertheless, the court must "balance these factors, along with any other pertinent information, to reach its decision." Id.

A properly conducted Rule 11 proceeding raises a strong presumption that petitioner's plea was knowing and voluntary. United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996); United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). The court has reviewed the arraignment transcript and concludes petitioner's Rule 11 proceeding was properly conducted. (See Arr. Tr. (DE 149)). Petitioner's plea was knowing and voluntary at the time it was made.

Petitioner asserts that his ex-fiancée having a relationship with an arresting officer exonerates him from criminal liability. For the same reasons the court concludes respondent did not commit a Brady violation, infra, petitioner fails to credibly show that he was legally innocent.

Petitioner pleaded guilty on November 6, 2008, and filed the present motion to vacate on June 11, 2018. (See Arr. Tr. at 1, Mot. to Vacate (DE 243)). Such a lengthy delay weighs against granting a motion to withdraw guilty plea. See United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012); Moore, 931 F.2d at 248.

Petitioner does not challenge the assistance of counsel at his arraignment. Indeed, petitioner indicated under oath that he was satisfied with the assistance of counsel up to

6

arraignment. (Arr. Tr. 11:15–12:2). Therefore, the fourth factor weighs against allowing petitioner to withdraw his guilty plea.

Where the first four Moore factors all weigh against the petitioner, the court "refrain[s] from trying to ascertain just how much withdrawal of the plea would prejudice the government and inconvenience the court." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

Petitioner argues that his guilty plea must be set aside, relying upon United States v. Fisher, 711 F.3d 460 (4th Cir. 2013). Petitioner's reliance on Fisher is misplaced. There, the court allowed withdrawal of a guilty plea where a law enforcement agent admitted to providing false testimony in the sole affidavit supporting a search warrant application. Fisher, 711 F.3d at 462–64, 469. Here, no law enforcement agent intentionally made any false statements under oath in support of a search warrant application. The search of petitioner's house was based on statements from his co-defendant Marcus Davis ("Davis"), crime stopper tips, and Gold Factory victim statements. Petitioner does nothing to undermine the veracity of any of these sources of information. Therefore, Fisher is inapplicable to the instant case. Petitioner's guilty plea may not be withdrawn.

    2.    Petitioner's Sentence

Petitioner asserts that his sentence was illegal because the sentencing guidelines "prohibited the court from not combining the 924(c)."

For a conviction under § 924(c), "the guideline sentence is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b). In pertinent part, § 924(c) provides that

> any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -- be sentenced to a term of imprisonment of not less than 5 years.

7

18 U.S.C. § 924(c)(1)(A)(i). Therefore, the sentencing guidelines and pertinent statute require a 60-month term of imprisonment consecutive to any other sentence.

Petitioner argues that amendment 489 to the sentencing guidelines required the court to reduce his advisory guidelines imprisonment range by the 60 months mandated under the statute. In certain cases, a robbery offense without enhancement for use of a firearm and the consecutive sentence mandated by § 924(c) yield a lower guidelines sentence than a robbery conviction with the firearms enhancement but without the § 924(c) conviction. See U.S.S.G. § 2K2.4 n.4. Amendment 489 applies to such cases, ensuring that the prohibition against double counting does not create a lower guidelines range. See id. As the magistrate judge cogently describes, amendment 489 is inapplicable to petitioner's case. (See M&R (DE 256) at 15–16 n.2). The court rejects petitioner's claim that his sentence was illegal.

3. Brady Disclosure

Petitioner asserts that respondent engaged in prosecutorial misconduct by failing to disclose that one of the law enforcement agents that arrested petitioner, Stanley Thomas ("Thomas"), had a romantic relationship with petitioner's ex-fiancée. Petitioner argues that, had such information been disclosed, he could have impeached witnesses' testimony.

"The Due Process Clause requires the prosecution to disclose upon request evidence that is favorable to the defense and material to guilt or punishment." United States v. Sterling, 724 F.3d 482, 511 (4th Cir. 2013) (citing United States v. Higgs, 663 F.3d 726, 734–35 (4th Cir. 2011)). Evidence is favorable if it is exculpatory, Brady v. Maryland, 373 U.S. 83 (1963), or if it may be used for impeachment, Giglio v. United States, 405 U.S. 150 (1972). Evidence known to

investigators but not to the prosecutor is subject to disclosure. Kyles v. Whitley, 514 U.S. 419, 438 (1995).

"The government breaches its duty if it fails to produce evidence that it is obligated to turn over to the defense, or if it fails to timely comply with a discovery order in turning over required evidence." Sterling, 724 F.3d at 511. "A failure to disclose violates due process only if the evidence in question (1) is favorable to the defendant because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material in that its suppression prejudiced the defendant." Id. (citing Strickler v. Greene, 527 U.S. 263, 281–82 (1999); Vinson v. True, 436 F.3d 412, 420 (4th Cir. 2006)). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles, 514 U.S. at 433–34 (internal quotation marks and citation omitted). "A reasonable probability does not mean that the defendant 'would more likely than not have received a different verdict with the evidence,' only that the likelihood of a different result is great enough to 'undermine[ ] confidence in the outcome of the trial.'" Smith v. Cain, 565 U.S. 73, 75 (2012) (quoting Kyles 514 U.S. at 434).

In the instant case, petitioner's ex-fiancée being in a romantic relationship with Thomas is not material evidence. In the instant case, petitioner robbed the Lumbee Guaranty Bank and Gold Factory Jewelry Store. To support its case, respondent presented numerous pieces of evidence entirely unrelated to Thomas and petitioner's ex-fiancée, including: 1) statements of the Lumbee Guarantee Bank victims; 2) identification of the getaway car; 3) statements by co-defendant Davis regarding the robbery and petitioner's attempts to clean and destroy money from the bank robbery; 4) statements of the Gold Factory victims; 5) discovery of the stolen jewelry in petitioner's home;

and 6) photographs of petitioner wearing the stolen jewelry. (See Presentence Investigative Report (DE 81) ¶¶ 11–19). In addition, other arresting agents besides Thomas observed firsthand the stolen jewelry, firearms, damp case, burnt images of cash, and purple suit jacket in petitioner's home.

In the face of the uncontested evidence marshaled by respondent, petitioner speculates that his ex-fiancée or Thomas planted burned currency found in his grill to ensure his arrest and conviction. However, Davis told police that he personally observed petitioner burning money in the grill. Therefore, petitioner's new claim that he was framed for a crime he did not commit rings hollow. Likewise, petitioner's ex-fiancée testifying that she purchased firearms for herself and for petitioner is irrelevant to petitioner's felon in possession conviction, where the firearms were found in petitioner's house.

Petitioner has failed to demonstrate that Thomas's relationship with his ex-fiancée undermines confidence in his conviction. The court rejects petitioner's Brady claim for lack of materiality.

4. Ineffective Assistance — Resentencing

Petitioner contends that his counsel at resentencing was ineffective because she should have informed the court that Thomas was romantically involved with petitioner's ex-fiancée, and that petitioner was sexually assaulted in prison.

"[S]entencing is a critical stage of the criminal proceeding at which [petitioner] is entitled to the effective assistance of counsel." Gardner v. Fla., 430 U.S. 349, 358 (1977). In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, a petitioner must show

that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"The Sixth Amendment guarantee of counsel does not guarantee an ideal or perfect representation." Mickens v. Taylor, 240 F.3d 348, 363 (4th Cir. 2001) (en banc). "The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues." United States v. Carthorne, 878 F.3d 458, 465 (4th Cir. 2017); United States v. Smith, 640 F.3d 580, 598 (4th Cir. 2011). Counsel's decision regarding what evidence to present at sentencing is a tactical decision. See Wiggins v. Smith, 539 U.S. 510, 533 (2003); Hunt v. Lee, 291 F.3d 284, 292 (4th Cir. 2002). "The reasonableness of the tactical decision actually made by counsel is of course subject to challenge, but the decision is not unreasonable simply because the client expressed a contrary view." United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010).

In the instant case, defense counsel's decision not to present evidence cited by petitioner was a tactical decision due deference by the court. Counsel presented thorough arguments in favor of petitioner regarding the nature of his offense, his criminal history, and numerous other mitigating factors in favor of a sentence at the bottom of the guideline range. (Transcript of

11

Sentencing ("Sent. Tr.") (DE 236) 6:15–10:6). Counsel's decision not to present evidence that a law enforcement agent had an affair with petitioner's ex-fiancée or that he was sexually assaulted was not outside the range of professional decision making, especially in light of her extensive arguments regarding petitioner's success with rehabilitation programs and the trauma he experienced in the past. Indeed, petitioner even asserts that the reason counsel elected not to present the pieces of evidence he wanted to present was because respondent would have sought an upward departure if she did. (See Mot. to Vacate (DE 243) at 4). On such facts, counsel's performance is not objectively unreasonable.

Petitioner also fails to demonstrate that counsel's performance prejudiced him. As discussed above, petitioner's claim that he should be allowed to withdraw his guilty plea is without merit. Therefore, counsel declining to raise a motion to withdraw petitioner's guilty plea based on alleged impeachment evidence at sentencing was not prejudicial. Similarly, the fact that petitioner was sexually assaulted in prison would do little to change the court's sentence, because the court had already considered similar trauma experienced by petitioner as a child and prior to the instant offense. (See Sent. Tr. 9:9–14; Presentence Investigative Report (DE 81) ¶¶ 42–43).

    5.    Ineffective Assistance — Appeal

Petitioner claims that his appellate counsel was ineffective because he did not present evidence of Thomas's romantic relationship with petitioner's ex-fiancée.

Criminal defendants have a right to effective assistance of counsel in preparing their appeals. Evitts v. Lucey, 469 U.S. 387, 393–94 (1985). As with any ineffective assistance claim, petitioner must demonstrate that counsel's performance was deficient, and that he was prejudiced by such deficient performance. See Strickland v. Washington, 466 U.S. 688, 687 (1984).

The record on appeal includes "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). The Federal Rules of Appellate Procedure allows the record to be modified if evidence presented in the district court "is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e). Generally, the court will only order supplementation under Rule 10(e) when it appears to omit proceedings that must have occurred in district court. United States v. Chesapeake & O. Ry. Co., 281 F.2d 698, 702 (4th Cir. 1960); see also 4th Cir. Local Rule App. P. 10(d) ("Disputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance, although the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented."). The rule does not allow parties to license to build a new record on appeal. See Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1111 n.11 (10th Cir. 2010); United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987).

Counsel's performance was not deficient. In the instant case, petitioner asked counsel to include evidence of Thomas's relationship with petitioner's ex-fiancée. Counsel told petitioner he did not present the additional evidence because the court of appeals was limited to the record of the case in district court. (See Email Correspondence (DE 243-2) at 2). Nonetheless, counsel raised petitioner's argument before the court. See Berry, 698 F. App'x at 137–38. Therefore, counsel acted within prevailing professional norms.

The court of appeals considered petitioner's argument in support of his motion to withdraw guilty plea and rejected it under a plain error standard of review. Id. Therefore, failure to include

13

information concerning Thomas and petitioner's ex-fiancée in the record also did not prejudice petitioner.

6. Petitioner's Supplemental Challenges

Petitioner supplements his § 2255 motion with two additional arguments.[1] First, he argues under United States v. Davis, 139 S. Ct. 2319 (2019) that his convictions under § 924(c) and § 922(g) are unconstitutionally vague. Davis does not aid petitioner.

In Davis, the United States Supreme Court held it unconstitutionally vague to define a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); Davis, 139 S. Ct. 2323–24. However, § 924(c) also defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Armed bank robbery under 18 U.S.C. § 2113 qualifies as a crime of violence under this definition. United States v. McNeal, 818 F.3d 141, 152–53 (4th Cir. 2016). Therefore, Davis is inapplicable.[2] Petitioner's void-for-vagueness challenge fails.

Second, petitioner argues that his felon in a firearm possession conviction under 18 U.S.C. § 922(g) fails under Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Court held that § 922(g) requires proof of petitioner's knowledge of his felony status to sustain a conviction. Id.

---

[1] The court grants petitioner's motion to supplement his § 2255 petition with the additional grounds raised in his brief. However, the court rejects petitioner's arguments for the reasons stated herein.

[2] Davis also does not aid petitioner in contesting his conviction under 18 U.S.C. § 922(g)(1).

at 2195–96. Rehaif does not avail petitioner because he has procedurally defaulted on raising his claim.

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or "actual innocence." Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 623 (1998). In the instant case, petitioner cannot demonstrate either. Prior to possessing the firearm connected to the instant offense, petitioner served over 21 months in prison for attempted robbery committed in 1986, and over seven years for first degree robbery committed in 1991. (See Presentence Investigative Report (DE 81) ¶¶ 29, 33). Therefore, based on the length of time served, petitioner knew when he possessed the firearm that he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year. See 18 U.S.C. § 922(g)(1).

Accordingly, the court rejects petitioner's supplemental grounds for relief.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate, set aside, or correct his sentence (DE 243) is DENIED. Respondent's motion to dismiss (DE 246) is GRANTED. Petitioner's motion to amend is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of December, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge